FILED
SUPERIOR COURT
OF GUAM

2024 JUN 24  PM 4: 58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CYFRED, LTD., | CIVIL CASE NO. CV0396-23 |
| Plaintiff, | |
| vs. | |
| DAVID WAATHDAD; KINASIRO K. ALBERT; RENSPER ALPET; IASINDA R. ALPET; SINIO ANIS; FLORENZO H. ATAN; THANKYOU ERAM; ROSENTA IFRAIM; SMITHER D. EZRA; SILIHNER G. FRED; MARGARET L. FANOWAY; MARTINA FINE JOSEPH, Individually as the Special Administrator of the Estate of RAINIS RANGI, deceased; PAUL KARGON; MARTINA RUEMAU; DARIA KOSAM; JOHN LIGMAW; MARIA T. LIGMAW; MARSALA D. MARTIN; SONTAG H. MARTIN; T'NEL MORI; LYNN OTWII aka "LYNN OTIWII; TAKASHI C. UNTUN; MARTIN RAYMOND; INOCENTA RAYMOND; ALEX H. RUBEN; FELISA B. RUBEN; KEROPIM SHAREP; TOMININA TAKEIOSHY; JENNIFER D. TAPACIO; GERRY L. TAPACIO; DIVINA VAIAU; STANLEY YANFAG; ROSEMARY YANFAG, WAYSON W.S. WONG and DOES ONE (1) through TEN (10) inclusive. | DECISION AND ORDER DENYING MOTION TO REASSIGN THIS CASE TO JUDGE ELYZE M. IRIARTE |
| Defendants. | |

This matter came before the Honorable Dana A. Gutierrez on March 26, 2024 upon a Motion to Have This Case Reassigned to Judge Elyze M. Iriarte ("Motion"). Present at the hearing was Attorney Wayson W.S. Wong representing all living named defendants in this

matter ("Defendants")[1], and Attorney Curtis C. Van de veld representing Cyfred, Ltd. ("Plaintiff"). Upon review of the arguments and applicable Guam law, the Court hereby **DENIES** the Motion.

## BACKGROUND

On July 6, 2023, Plaintiff filed its Complaint, alleging malicious prosecution in another case—*Waathdad et al. v. Cyfred, Ltd.,* Superior Court of Guam Civil Case No. CV0735-18 ("CV0735-18")—which is presided over by the Honorable Elyze M. Iriarte. On July 26, 2023, Defendants filed their Answer and a Demand for Jury Trial of Six.

Defendants filed their Motion on December 5, 2023, moving "this Court to reassign this case or have the Chief Judge of this Court reassign this case" to Judge Iriarte. Motion at 1. On December 29, 2023, Plaintiff filed its Opposition to the Motion. Additionally, Attorney Van de veld filed a Declaration in support of the Opposition. No Reply was filed. The Court heard the Motion on March 26, 2024.

## DISCUSSION

Defendants argue that this matter should be reassigned to Judge Iriarte because, "in the interests of judicial economy and the economy with respect to all parties, [J]udge Iriarte can handle this case more expeditiously than any other Superior Court judge because she has already handled CV0735-18," which involve the same events as in this matter. Motion at 1. In opposition, Plaintiff argues that Defendant has not cited to applicable Guam rules or laws giving

---

[1] Throughout their filings, Defendants refer to themselves as "Various Defendants." In their Motion, Defendants state, "The Various Defendants, who include all living named defendants, have moved this Court to reassign this case . . ." Motion at 1. Additionally, Defendants' Answer to Complaint, filed on July 26, 2023, states that "Various Defendants. . . who include all living named defendants, by and through their attorney, Wayson W.S. Wong, Esq., of the Law Offices of Wayson Wong, A Professional Corporation, answer the Complaint . . ." Answer at 1.

this Court authority to reassign its cases, and that even if the court had authority, it should not reassign this case. *See generally* Opp'n.

**1.       The Court Declines to Reassign This Matter Pursuant to Hawaii Local Rules**

In support of their position, Defendants quote Local Rules of Practice for the United States District Court of Hawaii ("Hawaii Local Rules") LR40.2 (2023):

> [w]hen it appears that two or more pending or completed civil actions or proceedings filed in this district involve the same or substantially identical transactions, happenings, or events . . . it is the parties' responsibility to promptly file a Notice of Related Case in each pending action or proceeding . . . The court may, in its discretion, reassign any or all cases identified in a Notice of Related Case to the same judge.

Motion at 2.

Plaintiff argues that the Hawaii Local Rules are inapplicable to matters before the Superior Court of Guam. Opp'n at 1-2. The Court agrees. Defendants have presented no authority or argument, nor is the Court aware of any, stating that the Hawaii Local Rules would apply to a matter heard in the Superior Court of Guam.

Additionally, even if the Hawaii Local Rules were applicable, Hawaii Local Rules LR40.2 states that a court may, in its discretion, reassign a case, but not that it is required to do so. Plaintiff argues that Defendants' motion is "without any legal authority that any case in any jurisdiction which sues for malicious prosecution should or must be reassigned to the same Judge who rules on the matter from which the malicious prosecution claim arises." Opp'n at 5. Again, the Court agrees. It is not clear that, even under the Hawaii Local Rules, judges reassign malicious prosecution cases to the judge that handled the underlying matter. Therefore, even if the Court had authority under the Hawaii Local Rules, it would decline to exercise its discretion to reassign this matter.

3

2. **The Court Declines to Reassign This Case Pursuant to Guam Rules or Law**

Defendants do not cite to any applicable Guam rules or law that give the Court authority to reassign its cases. Nevertheless, rather than reviewing the Hawaii Local Rules, the Court must review applicable Guam rules and law.

Title 7 Section 4103 of the Guam Code Annotated ("GCA") states, in relevant part:

> The Presiding Judge of the Superior Court shall prescribe the order of business and randomly assign the cases to the Judges, Referees, and Hearing Officers of the Court **in conformance with rules and regulations promulgated by the Supreme Court. . . .** Appointment shall be on a rotating basis among all the Judges of the Superior Court.

7 GCA § 4103 (emphasis added).

Because 7 GCA § 4103 states that case assignment shall conform with the rules and regulations promulgated by the Supreme Court, the Court reviews Supreme Court of Guam Administrative Rule ("AR") No. 23-002 as it governs trial court case assignment procedures.[2] In reviewing AR No. 23-002, the Court notes that Section III(C), which governs complex litigation, provides that "[w]here a party moves to consolidate complex cases which have been assigned to different judges, the Presiding Judge will address the motion and shall thereafter make the assignment of cases upon ruling on the motion." Sup. Ct. of Guam Admin. R. 23-002 (2023).

Although the Court reviews AR 23-002 because it addresses reassignment of cases, it is not applicable here because Defendants stated that their motion is not to consolidate the above-captioned case with CV0735-18, but instead to have the Court reassign this case to Judge Iriarte. Min. Entry, 10:49 AM (March 26, 2024). The Court is not aware of any Guam rule or law that

---

[2] AR 23-002 was adopted and became effective on May 15, 2023, replacing all prior case assignment procedures. Sup. Ct. of Guam Admin. R. 23-002 (2023). AR 24-001, which will replace the previous case assignment procedures, was ordered on March 6, 2024, but will not become effective until January 1, 2025. Sup. Ct. of Guam Admin. R. 24-001 (2024).

permits the reassignment, rather than consolidation, of cases for the reasons raised by Defendants.

Further, even if AR 23-002 was applicable to *reassigning* cases in addition to consolidating them, Defendants have not established that this matter is particularly complex. However, Defendants imply that the underlying matter was complex by requesting the Court to take judicial notice of CV0735-18 to understand the volume of the docket and the time that Judge Iriarte has spent on that case. Min. Entry, 11:03 AM (March 26, 2024).[3]

In *People v. Diaz,* 2007 Guam 3, the Supreme Court of Guam interpreted Guam Rules of Evidence Rule 201, which governs judicial notice of adjudicative facts. In that case, the Supreme Court held that it had discretion to, but was not required to, take judicial notice of sentences imposed in other cases when the requesting party provided only the names of the defendants and the Superior Court case numbers, but not copies of the judgments or any description of the particular facts within the file. *Diaz,* 2007 Guam 3 ¶ 63. The Supreme Court noted that "[c]ourts generally have been reluctant to take judicial notice of proceedings in other cases and in other courts." *Diaz,* 2007 Guam 3 ¶ 66. The Supreme Court further stated that "it may be inappropriate to take judicial notice of entire case files, proposing instead that a court may only take judicial notice of the truth of the facts contained in certain documents." *Id.*

Accordingly, although the Court may have discretion to review CV0735-18, it declines to do so. First, a brief review of CV0735-18 would be insufficient to demonstrate that the instant

---

[3] In their Motion, Defendants request that "this Court take judicial notice of the record of this [above-captioned] case and the record of CV0735-18 . . ." Motion at 2. Defendants did not make clear whether they expected the Court to review the entirety of the record of CV0735-18 or to review it within a limited scope. Upon further inquiry at the Motion hearing, Defendants clarified that their request was for the Court to review only the volume of the docket in CV0735-18 and the time that Judge Iriarte has spent on that case. Min. Entry, 11:03 AM (March 26, 2024).

matter is complex. Even if the Court were to agree with Defendants that the matter contained voluminous filings and was time-consuming for Judge Iriarte, that does not indicate that the malicious prosecution case which is before this Court will also be complex. Additionally, because of the Supreme Court's noted hesitance to take judicial notice of another court's case files, the Court declines to take judicial notice of CV0735-18, especially without more direction as to relevant facts or filings which Defendants request the Court to review.

### 3.  Reassigning This Matter Would Provide Minimal Judicial Efficiency

In addition to the aforementioned reasons to decline to reassign this matter, the Court also finds that reassigning this matter would ultimately provide minimal judicial efficiency because Defendants have demanded a jury trial.

Plaintiff argues that the case need not be reassigned because any disputable issues in this case would be tried by a jury rather than the Court. Min. Entry, 10:58 AM (March 26, 2024). To the contrary, Defendants argue that "[a]lthough in this case, a jury trial has been demanded, Judge Iriarte can more expeditiously make the relevant determinations leading up to the jury trial to move this case along . . . ." Motion at 3. In support of their argument, Defendants stated that in other cases involving the same parties and facts, Attorney Wong and Attorney Van de veld spent significant time resolving issues prior to trial. Min. Entry, 10:50 AM (March 26, 2024).

Even if Judge Iriarte thoroughly understands the facts in CV0735-18, a jury will need to be apprised of any facts relevant to deciding this case, which will take the same amount of time in either court. Defendants' concern that the parties may engage in lengthy pre-trial proceedings is speculative and therefore does not persuade the Court to reassign the matter. Accordingly, the Court finds that reassigning this matter would provide minimal efficiency to the Court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is **DENIED**. The Court shall set the matter for a continued Scheduling Conference.[4]

**SO ORDERED:** _____JUN 24 2024_____.

_____
**HONORABLE DANA A. GUTIÉRREZ**
Judge, Superior Court of Guam

---

[4] On October 12, 2023, the Clerk of Court issued an Amended CVR 16.1 Form 1, ordering the parties to file a proposed Scheduling Order and a proposed Discovery Plan by November 3, 2023, and setting a Scheduling Conference for November 14, 2023. At the November 14, 2023 hearing, Attorney Van de veld requested a continuance for personal matters, which the Court granted. However, the Court did not set a date for the continued Scheduling Conference because both parties indicated their intent to file motions which may need to be addressed prior to a continued Scheduling Conference, including this Motion to Reassign Case to Judge Elyze M. Iriarte.

7